# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, | ) |
| *Plaintiff*, | ) Civil Action No: |
| v. | ) |
| | ) Judge |
| William Lee, Governor of the State of Tennessee, in his official capacity; | ) |
| | ) Magistrate Judge |
| David Rausch, Director of the Tennessee Bureau of Investigation, in his official capacity; | ) |
| Frank Strada, Commissioner of the Tennessee Department of Corrections, in his official capacity; | ) |
| *Defendants.* | ) |

## COMPLAINT

1. Plaintiff John Doe[1] brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements, and illegal imposition on him of Tennessee's "Community Supervision for Life" statute. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## **PARTIES**

2. Plaintiff John Doe is an adult resident of Robertson County, Tennessee.

---

[1] Plaintiff will be filing a motion to proceed under pseudonym and for protective order shortly after filing this complaint.

1

3. Defendant William Lee is the Governor of the State of Tennessee.

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

5. Defendant Frank Strada is the Commissioner of the Tennessee Department of Corrections, a state agency with a primary enforcement role in Tennessee's "Community Supervision for Life" regime.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are state officials whose offices are located in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Background

7. Plaintiff is a fifty-nine-year-old man.

8. Plaintiff is required under Tennessee law to be registered on Tennessee's Sex Offender Registry (T.C.A. § 40-39-201 et seq.) due solely to a single criminal case that Plaintiff entered a plea agreement to in 1998 resulting in a total of six criminal convictions: two convictions for "Sexual Battery" (T.C.A. § 39-13-505) for offenses occurring on "a day in 1992" and on "a day in 1997," and four for "Aggravated Sexual Battery" (TCA § 39-13-504) for offenses that all occurred on "a day in 1997." Due solely to this single criminal case from the 1990's, Tennessee law permanently declares Plaintiff to be "Violent against Children" and subjects him to lifetime registration on the sex offender registry and a host of attendant lifelong restrictions, obligations, and punishments.

9. Most of Tennessee's sex offender registration and enforcement laws, including those deeming Plaintiff "Violent against Children" and subjecting him to lifelong restrictions, obligations, and punishments were not passed until several years after Plaintiff's qualifying offenses occurred.[2]

10. Through consecutive sentencing, Plaintiff was sentenced to a combined total of 26 years to serve in TDOC for his six sexual battery offenses. Plaintiff served his sentence, which finally expired at the end of 2019. Plaintiff was then released without parole, since his sentence had expired.

11. Plaintiff's criminal case judgments did not include a sentence to "Community Supervision for Life" ("CSL") pursuant to T.C.A. § 39-13-524. Nonetheless, Defendant TDOC has subjected Plaintiff to CSL since his release.

12. Plaintiff has not committed any criminal offenses since his release from TDOC.

### B. Tennessee's Sex Offender Registration and Monitoring Regime

13. In 1994, Tennessee passed its first ever sex offender registry law. However, this law required only that offenders register in a private law enforcement database.

14. Tennessee continued expanding the registry laws through the nineties, increasing reporting requirements and, eventually, making sex offender registrations public for those who had committed their offenses after July 1, 1997.

15. Tennessee continued periodically passing laws expanding its sex offender registration and monitoring regime, until in 2004 Tennessee passed sweeping new restrictions on convicted sex offenders hereinafter referred to as "SORA."

---

[2] With regard to Plaintiff's 1992 offenses, all of Tennessee's sex offender registration laws were passed after these offenses occurred.

3

Case 3:23-cv-00971    Document 1    Filed 09/11/23    Page 3 of 12 PageID #: 3

16. SORA imposed stringent registration and reporting requirements on statutorily defined "sexual offenders," "violent sexual offenders," and "offenders against children," and severely limited where sex offenders could live, work, and go.

17. SORA applied retroactively to past offenders, imposing its labels, restrictions, obligations, and punishments even where an offender's only qualifying offenses had occurred prior to SORA's enactment.

18. In the years since 2004, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

19. Under present law,[3] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

    a. Quarterly registration with local law enforcement;

    b. Payment of annual registration and monitoring fees;

    c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

    d. When in public, <u>always</u> carry his state-issued identification with him, which must have a sex offender designation on it.

20. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

    a. Name

    b. Classification of "VIOLENT AGAINST CHILDREN"

    c. Status of "ACTIVE"

---

[3] T.C.A. § 40-39-201 *et seq*.

4

Case 3:23-cv-00971   Document 1   Filed 09/11/23   Page 4 of 12 PageID #: 4

d. Date of birth

   e. Full criminal history

   f. Residential address

   g. Race and gender

   h. Last date of information verification

   i. Most recent photograph submitted to TBI

   j. Driver's license and/or state identification number

   k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

   l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

   m. Address of Plaintiff's employer(s)

   n. License plate number and description of Plaintiff's vehicle(s)

21. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

   a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

   b. Residing within 1000' feet of the victims from Plaintiff's criminal case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

   c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

5

  i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

  ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

  iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

 d. Residing with two or more other convicted sex offenders;

 e. Being alone with a minor in a "private area."

 f. Residing with, or having an overnight visit in, a place in which a minor is present.

22. SORA authorizes the following additional optional punishments against Plaintiff:

 a. Public libraries may ban Plaintiff from their premises;

 b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

 c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system.

### C. Tennessee's CSL Regime

23. On May 13, 1996, Tennessee enacted its first CSL statute imposing "Community Supervision for Life" on offenders who committed, or who attempted to commit, the

6

offense of Aggravated Rape, Rape of a Child, Rape, or Aggravated Sexual Battery after July 1, 1996.

24. The CSL statute designates TDOC as the supervising agency for CSL, stating, "A person on community supervision shall be under the jurisdiction, supervision and control of the Board of Paroles in the same manner as a person under parole supervision. The board is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from such person committing a new sex offense as well as promoting the rehabilitation of the person." T.C.A. § 39-13-524.

25. The CSL statute further provides, "The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community supervision similar to the fee imposed by Tennessee Code Annotated, Section 40–28–201. To the extent possible the board shall set such fee in an amount that will substantially defray the cost of the community supervision program. The board shall also establish a fee waiver procedure for hardship cases and indigency." T.C.A. § 39-13-524.

26. The CSL statute criminalizes violations of an offender's CSL terms, grading the severity of the CSL violation charge as a Class A misdemeanor if it was based on an offense that would otherwise be either non-criminal or a misdemeanor, or a Class E felony if it was based on an offense that would otherwise be a felony. The CSL statute further designated that any CSL conviction sentence had to be served consecutively to the sentence for any new criminal offense that resulted in a CSL violation. T.C.A. § 39-13-526.

27. In 2010, the Tennessee Supreme Court held that CSL is "punitive" and constitutes part of a criminal "sentence." Based on that premise, the Tennessee Supreme Court held that

criminal courts are required to advise a defendant that is being sentenced to CSL as part of a plea agreement about CSL prior to accepting the plea agreement.

### D. Specific Ongoing Impacts of SORA and CSL on Plaintiff

28. Plaintiff's SORA registration and requirements are monitored by TDOC as part of his CSL, along with whatever additional CSL conditions TDOC determines to be appropriate. These restrictions and obligations extensively interfere with Plaintiff's career, family, reputation, and overall enjoyment of life, and will continue to do so as long as Plaintiff is subject to them.

29. Plaintiff must report quarterly, and each time he reports he must sign his acknowledgment of the SORA and CSL rules. The rules are complex, and each time he reports it seems like there are new rules in place. In addition, under CSL Plaintiff's TDOC officer is empowered to add additional discretionary rules based on the officer's subjective judgment and TDOC policy. With the constant changes in the system, which typically happen between reporting sessions, it always seems possible to violate rules that one has not even been made aware of yet.

30. Plaintiff has two adult daughters and seven minor grandchildren. Because of SORA and CSL, Plaintiff's ability to participate in his daughter's and grandchildren's lives is severely restricted. After his release from TDOC Plaintiff was prohibited from having contact with his daughters for approximately a year, until they signed off on forms indicating that they wanted to have contact with him. While SORA requires Plaintiff to be chaperoned in order to be with his grandchildren, pursuant to CSL TDOC has prohibited Plaintiff from being with his grandchildren at all. Due to both SORA and CSL, Plaintiff is prohibited from attending his grandchildren's school, extracurricular,

8

and other events. Plaintiff would love to get to know his grandchildren, attend their events, and connect with them as their grandfather – however, due to SORA and CSL he cannot. In addition, as a practical matter the restrictions on Plaintiff being with his grandchildren act as a continued virtual prohibition on Plaintiff being with his daughters, since they are so involved in raising their children. The invasive restrictions on Plaintiff being with his family severely damage Plaintiff's relationships with his two daughters and seven grandchildren.

31. Plaintiff's TDOC probation officer has advised him that if he attempts to date anyone they must be introduced to his probation officer. Because of this and the other severe and invasive restrictions and obligations imposed by SORA and CSL, Plaintiff has not even attempted to date anyone since his release from prison.

32. Pursuant to CSL, TDOC has required Plaintiff to obtain permission for any out-of-state travel. Typically, TDOC takes 2 – 3 weeks to approve any such request. One of Plaintiff's daughters lives in Florida, which makes this yet another impediment to Plaintiff's ability to spend any time with her. Due to the aforementioned restrictions on Plaintiff being with his grandchildren, as a practical matter his daughter is also prohibited from visiting Plaintiff in Tennessee. This is especially concerning for Plaintiff in that his daughter lives in a hurricane zone in Florida, and he would be unable to let her family come stay with him if disaster were to strike. The travel restriction also impacts Plaintiff's finances, because if he could cross the border to Kentucky he could obtain groceries and gasoline at cheaper prices.

33. Pursuant to SORA and CSL, Plaintiff is banned from attending public events and sports games. Plaintiff would love to be able to go to Titans and Predators games, drag racing

9

and tractor pulls, state fairs, seasonal festivals, rodeos, and other such public family-oriented events. Plaintiff has raised cattle in the past, and would love to be able to help raise cattle and enter them into the state fair. Plaintiff would love to attend the Country Music Awards. Plaintiff would love to be able to go to a state park and go camping, or even just go for a hike. But, due to SORA and CSL he cannot do any of these things.

34. Being on the registry has subjected Plaintiff to public shaming, between being on the public registry under the "VIOLENT AGAINST CHILDREN" label and regularly being subjected to searches of his home, car, and person. These searches are visible to the neighbors, and are humiliating and stigmatizing for Plaintiff.

35. Pursuant to CSL, Plaintiff is subjected to random drug screening, regular searches of his home, cell phone, and car, and polygraph testing.

36. Pursuant to CSL, Plaintiff is required to attend sex offender counseling every month. Plaintiff was kicked out of a group session once just for having grease on his shoes, which put Plaintiff at risk of a CSL violation. Another time, Plaintiff had to miss counseling because he had a prolonged bout of COVID-19. Again, Plaintiff was threatened with a violation for this inability to attend sessions.

37. Plaintiff was required to give a DNA sample to his TDOC probation officer.

## CLAIMS FOR RELIEF

### COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION (42 U.S.C § 1983)

**(DEFENDANTS LEE AND RAUSCH)**

38. Plaintiff hereby reincorporates paragraphs 1 – 37 by reference.

39. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

40. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

41. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

### COUNT II: DUE PROCESS VIOLATION IN VIOLATION OF FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION
### (42 U.S.C § 1983)

### (DEFENDANT STRADA)

42. Plaintiff hereby incorporates paragraphs 1 – 37 by reference.

43. Plaintiff was not sentenced to CSL in his criminal case judgments.

44. Regardless, Defendant TDOC subjects Plaintiff to CSL supervision and conditions on an ongoing basis.

45. Both the Tennessee Supreme Court and the federal courts that have reviewed Tennessee's CSL statute have determined that CSL is a "sentence." Because Plaintiff has not been sentenced to CSL, TDOC's imposition of CSL on him is *ultra vires* and violates Plaintiff's right to due process.

46. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendant Strada from continuing to enforce Tennessee's CSL statute on him in violation of his constitutional right to due process.

# REQUEST FOR RELIEF

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA and CSL regimes against Plaintiff based on his 1998 convictions.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to impose its SORA and CSL regimes on Plaintiff on the basis of his 1998 convictions.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA and CSL regimes against Plaintiff on the basis of his 1998 convictions.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com